[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-14226

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KEO IBUA MIKE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:21-cr-00041-JA-PRL-1

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Appellant Keo Mike wishes to appeal his 96-month sentence despite having knowingly and voluntarily entered into a plea agreement that bars him from doing so. Because the plea agreement controls, we grant the government's motion to dismiss Mike's appeal.

When a defendant appeals his sentence despite an appeal waiver, the government may file a motion to dismiss the appeal. *United States v. Boyd,* 975 F.3d 1185, 1190 (11th Cir. 2020). That motion will be granted so long as the appeal waiver unambiguously bars the appeal and the defendant agreed to waive his right to appeal knowingly and voluntarily. *Id.* Knowing and voluntary waiver is satisfied where a district court "specifically discussed the sentence appeal waiver with the defendant." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

Mike's appeal is barred by the plea agreement. Mike pleaded guilty to knowingly possessing a firearm as a convicted felon and was accordingly sentenced to 96 months in prison. Mike's plea agreement clearly states that a defendant agrees to waive the right of appeal except in four circumstances: if the sentence exceeds the applicable guidelines range, if the sentence exceeds the statutory maximum penalty, if the sentence violates the Eighth Amendment, or if the government appeals. Mike does not appeal his sentence under any of these exceptions; rather, he appeals solely on the basis

22-14226               Opinion of the Court                      3

that his sentence is substantively unreasonable because the magistrate judge declined to grant a downward departure. Mike also does not contend that he unknowingly or involuntarily waived his right to appeal; rather, the record shows the opposite as the magistrate judge specifically questioned Mike about the waiver during his appeal. *See Bushert*, 997 F.2d at 1351.

★     ★     ★

Because the plea agreement is enforceable and unambiguously bars Mike's appeal, we **GRANT** the government's motion and **DISMISS** Mike's appeal.

**APPEAL DISMISSED.**